UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK            Case  No.
--------------------------------------------------------------
REGINALD BENNERSON

                         Plaintiff

     -against-                                    COMPLAINT

                                        PLAINTIFF DEMANDS
                                        JURY TRIAL

COLLINS BUILDING SERVICES INC.

                         Defendants
--------------------------------------------------------------
.

                COMPLAINT AND DEMAND FOR JURY TRIAL

     Plaintiff, REGINALD BENNERSON, by and through his undersigned

counsel  as and for his Complaint in this action, hereby alleges as follows:

          I.    NATURE OF THE CLAIM

     1.    This is an action for monetary damages and equitable relief,  to

redress Defendants' unlawful employment practice    against    the    plaintiff,

including  discrimination on the basis of Disability in violation of the Americans

with Disabilities Act  (ADA) 42 U.S.C. § 12101 et. Seq. (retaliation on the basis

of exercise of protected activity;  maintenance of a hostile work environment;

discrimination constituting a hostile work environment;  mental injury as a result

of the above, in violation of the  ADA;  failure to accommodate under the ADA;

unlawful discrimination,  retaliation, maintenance of a hostile work environment

1

and failure to accommodate under both the New York State Human Rights Law NY Executive Law§ 290, 296, and the New York City Human Rights Law Title 8 §101, 107 et. Seq. of the New York City Administrative Code.

2.      Plaintiff seeks, compensatory, punitive and equitable relief and other appropriate relief pursuant to Federal Law including attorney fees and costs.

3.      This Court has jurisdiction under 28 U.S.C. § § 1331, 1337 1343 and jurisdiction to hear claims under the Americans with Disabilities Act 42 U.S.C. § 12101 et seq. Supplemental jurisdiction over state law and municipal regulations, claims for violation of NYS Executive Law § 296 and New York City Administrative Code § 8 -107, arise under 28 U.S.C. 1367(a) as the state and municipal law claims arise out of the same case or controversy. This court has power to issue declaratory relief pursuant to 28 § §2201 and 2202.

4.      Venue is proper in the Southern District of New York under 28 U.S.C. § 1 391 (b) (1) and 1391 (c) as the Plaintiff works in this District at the time claims arose, the events occurred in this jurisdiction and the defendant Collins Building Services Inc. maintains and conducts business activities, out of which the claims arose in this district.

## II.   **CONDITION PRECEDENT**

5.      Plaintiff has met all condition precedent to jurisdiction. Plaintiff

timely filed a charge of Discrimination with the Equal Opportunity Commission within 180 days of the acts complained of herein and the respective agency assigned the following case number to the charges made by the Plaintiff: EEOC Charge No. 520-2018-0088 1.   Plaintiff timely commenced suit within ninety days of Plaintiffs receipt of the EEOC's issuance of a Dismissal and Notice of Right to Sue dated December 21, 2017 and mailed to the Plaintiff on December 22, 2017.

### III.        PARTIES

6.        Plaintiff REGINALD BENNERSON (hereinafter, BENNERSON) is a resident of the State of New York, County of Nassau. and resides at 945 Dana Avenue Valley Stream New York 11580. Plaintiff has been employed for more than thirty years as an office cleaner and porter, cleaning office buildings in Manhattan. For more than ten years he has worked for the Defendant Collins Building Services Inc.

7.        Plaintiff is a qualified individual as defined by the ADA, the NYS Human Rights Law and the New York City Human Rights Law. He has had a Left knee replacement and suffers from kidney failure. Prior to February 2017, he was on dialysis and on February 4, 2017, he underwent a kidney transplant. Plaintiff is 63 years old and is regarded as presumptively disabled under Social Security Law. He returned to work on August 7, 2017 and presently works for

the defendant as a bathroom attendant.

8.     Defendant  Collins Building Services Inc. a corporation organized under the Laws of the State of Delaware and authorized to conduct business in the State of New York, with principal offices at 24-01 44th Road Long Island City New York 11101, County of Queens.   Defendant  operates  an  office cleaning business employing  several hundred employees in the State of New York.

9.     Defendant  has participated in initiating, and implementing  policies and practices  which  have violated the above statutes and/ or have implemented acts  which have fostered, created and maintained  a hostile work environment  and retaliation  for  protected  activity.  Defendant  has  failed  to  make  reasonable accommodation to  the Plaintiff notwithstanding its recognition of his disability.

## IV.   BACKGROUND OF CLAIM

10.     Plaintiff was employed  as an office cleaner for more than thirty years and worked for the Defendant  for more than ten years.  Prior to 2015, the plaintiff worked for the defendant cleaning offices at New York University.  In 2014, plaintiff had his Left knee replaced and after an absence of several month returned to work performing office cleaning positions.  In 2015 as a result of kidney failure he was placed on  dialysis,  his dialysis being performed  during the day several times a week.  In 2016, plaintiff was working for the  defendant

as a bathroom attendant and cleaner at the Defendant's location 641 Lexington Avenue New York City working a shift from 5PM to 12:30 AM. Plaintiff's job required that he clean bathrooms, refill supplies. At that time Plaintiff was on Hemodialysis three times a week performed during the day. Plaintiff would then work at night with resulting fatigue and difficulty performing his duties. Plaintiff requested that his work shift be changed from with medical documentation from his physicians. Plaintiff presented a request for accommodation to the defendant requesting that his work shift be changed to 6 AM to 2:00PM. Changing the Plaintiff's work shift to the day would permit him to attend dialysis after his shift ended and he would then be able to recuperate at night from the after effects of dialysis, principally fatigue. Plaintiff also offered to transfer to another building at which defendant provided office cleaning services to facilitate a shift change.

11. Plaintiff's request for accommodation in 2016 was submitted to Maribel Rodriguez, one of Defendant's managers and was denied.

12. On February 4, 2017, plaintiff was admitted to Mount Sinai Hospital for a kidney transplant. Following the transplant he was placed on a regimen of anti rejection drugs which has continued up to the present. Following the Kidney Transplant the plaintiff received disability benefits from his union 32 BJ SEIU. On August 7, 2017, the Plaintiff was cleared to return

to his job as a bathroom cleaner, but was advised to resume work on the day shift. Plaintiff, since his transplant is required to take multiple medications to prevent rejection of his kidney at intervals principally in the afternoon and evening. His physicians have submitted a number of requests that his work shift be changed to the day shift, which would facilitate his taking medication in the afternoon and night. The work plaintiff would perform on the day shift is not of a different nature, category or classification as the duties performed on the 5 PM to 12:30 am shift.

13.   Plaintiff's request for accommodation were denied. Plaintiff also was subject to harassment and has endured a hostile work environment, due to stress arising from concern that his continued work on the night shift will contribute to rejection of the transplanted kidney. The employer's actions in denying accommodation and hostility to the plaintiff's request for a change in shift, constitute efforts to compel his resignation.

14.   As a result of the stress generated by the Defendant's refusal to accommodate the plaintiff, plaintiff suffered physical and emotional injury necessitating mental health treatment.

15.   Defendant has also discriminated against the Plaintiff as a result of his disability by adding additional areas to the Plaintiff's work assignments on his return to work following the transplant surgery. Plaintiff's work load was

increased, altering the terms and conditions of his employment, in a manner not done to other non-disabled individuals and such additional assignments were, made with the intent to force plaintiff to resign from his position.

16.   The Plaintiff is a qualified individual suffering from a disability, that is a medical impairment affecting a major life activity under 42 U.S.C. § 12102 (1) and (2) (B). In addition, or alternatively, Plaintiff has a record of such impairment or is regarded as having such impairment The defendant was both aware of the Plaintiff's kidney disease and subsequent transplant. Plaintiff has been and continues to perform the essential functions of his job as bathroom attendant, without accommodation. The requested shift change constitutes a reasonable accommodation under 42 U.S.C. 12111 (9) (B) The failure to accommodate plaintiff has caused and continues to cause physical and mental injury.

17.   Plaintiff is a person with a disability within the meaning of the New York State Human Rights Law, Executive Law Section § 296 et seq in that the Plaintiff suffers from physical impairments resulting from anatomical, physiological genetic or neurological conditions which prevent the exercise of normal bodily functions and/or is demonstrable by medically accepted clinical or laboratory diagnostic techniques. In addition, or alternatively, Plaintiff has a record of such impairment or is regarded as having such impairment.

18.    Plaintiff is also a person with a disability within the meaning of the New York City Administrative Code 8 §101, 107 et. Seq., New York City Human Rights Law ( NYCHRL) in that the plaintiff suffers from a recognized and acknowledged physical impairment. In addition, or alternatively, Plaintiff has a record of such impairment or is regarded as having such impairment.

19.    As a result of the employer's discrimination affecting the terms and conditions of employment plaintiff has suffered physical and mental injury has been caused to lose time from work amounting to one week and remains in fear that the continued failure to transfer to a day shift will result in the rejection of his transplanted kidney with severe and possibly fatal consequences.

20.    Plaintiff complained to the management of Defendant that day shifts were available at his present work location 641 Lexington Avenue and at other work locations operated by the Defendant, but Defendant has failed to change the Plaintiff's shift or transfer him to another building where a daytime shift is available.

21.    Plaintiff filed a charge of Discrimination based on Disability and failure to accommodate with the Equal Employment Opportunity Commission. Thereafter the Plaintiff was subject to harassment constituting retaliation for protected activity including sending non supervisory co workers to inspect his work, subjecting the plaintiff to unfounded disciplinary actions.

22.    As a result of Defendants' discriminatory actions overt harassment of the Plaintiff and the failure to make reasonable accommodations. Plaintiff suffered emotional distress, anxiety and depressed mood and sought mental health treatment. He has continued to be subject to stress that the affects of the night shift work on his ability to utilize the anti rejection and other medications, may result in failure of the transplanted kidney

23.    Defendants acted to adversely affect the terms and conditions of plaintiff's employment, on the basis of his disability, with the intent and effect of causing him to leave the job, and expressed overt hostility and animus to the Plaintiff based on his disability.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Violation of the Americans With Disabilities Act)

24.    Plaintiff repeats and re alleges each and every allegation contained in the preceding paragraphs as though fully set forth herein.

25.    Defendants willfully and intentionally discriminated in the terms and conditions of her employment on the basis of his disability in violation of Americans with Disabilities Act, 42 U.S.C. § 12112. Defendant's conduct resulted in an adverse change in the terms and conditions of his employment, resulted in consequential mental and physical injuries.

26.    Defendant failed to afford Plaintiff treatment equivalent to that provided to non-disabled workers and said disparate treatment was the result of a

willful intention to discriminate against a disabled worker s and induce Plaintiff and Plaintiff to resign. Defendants were aware that said conduct was prohibited by law; defendants were reckless and indifferent as to whether their conduct was prohibited by law.

27.    Plaintiff is a disabled individual within the meaning of that statute.

28.    As a direct result of the Defendants' discriminatory acts toward the plaintiff which were based on Plaintiff's disability , the plaintiff suffered damages both physical and mental and lost pay and days from work. Plaintiff is entitled to the requested accommodation and compensation for physical and emotional injury or other equitable relief, back pay, front pay for possible loss of future earnings and bodily injury, liquidated damages for willful violation, and costs and attorney fees as provided under the statute, and seeks damages in the amount of $2,000,000.00 ( Two Million Dollars.)

### AS AND FOR A SECOND CAUSE OF ACTION
### ( Cause of Action for Retaliation under ADA)

29.    Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as though fully set forth herein

30.    Plaintiff engaged in protected activity, by complaining to and filing a Charge with the EEOC and by making complaints to Defendant's corporate management and his union regarding, extra duties assigned to him, failure to accommodate and change his shift. He was thereafter subjected to disciplinary

actions.  He   was subjected to retaliation, affecting the terms and conditions of his

employment, as a result of engaging in protected activity, all in violation of

provisions of the ADA.

31.   As a direct result of the Defendants' retaliatory acts toward the Plaintiff

he suffered loss of  earnings, mental injury, the  possible future loss of employment

other employment benefits.  Plaintiff is entitled to recover   damages  for  willful

violation of statute,   back  and  front  pay,  attorneys  fees  in  the  amount  of

$2,000,000.00 ( Two Million Dollars.)

### AS AND FOR A THIRD  CAUSE OF ACTION
### (Failure to Accommodate under the ADA)

32.   Plaintiff repeats and realleges each and every allegation contained in

the preceding paragraphs as though fully set forth herein.

33.   Plaintiff, a   qualified individual under the   ADA requested an

accommodation by way of a change in his shift and reduction of additional duties

imposed on him  after he returned to work following surgery.

34.   Plaintiff was able to perform the  essential functions of his job both with

and without accommodation  as he has continued to do so.

35.   The proposed accommodation was accompanied by medical proof that

such documentation was reasonable and necessary for the plaintiff  to benefit from

medication he was taking to avoid rejection of the transplanted kidney.

36.    The proposed accommodation would not result in an undue hardship for the defendant.

37.    As a result of the Defendant's unreasonable and justified failure to accommodate the plaintiff's disability he has suffered financial, physical and emotional damages in the amount of Two Million Dollars ( $2,000,000.00)

## AS AND FOR A FOURTH CAUSE OF ACTION
## ( Discrimination creating a  Hostile Work Environment Under the ADA)

38.    Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as though fully set forth herein.

39.    As a result of the Defendant's violation of the ADA,  and retaliation for Protected activity,  plaintiff was subjected to hostile work environment causing him mental  and emotional injury, effecting his ability to recuperate from transplant surgery and maintain level of health.

40.    As a result of the Defendant's creation and perpetuation of a hostile work environment he has suffered financial, physical and emotional damages in the amount of Two Million Dollars ( $2,000,000.00)

## AS AND FOR A FIFTH  CAUSE OF ACTION
## ( Discrimination under  NYS Human Rights Law)

41.    Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as though fully set forth herein.

42.   Defendant subjected the Plaintiff to discrimination on the basis of Disability  by increasing his work load in comparison to other non-disabled employees and failure to accommodate his disability in violation of the NYS Executive Law § 296 et. Seq. ( NYS Human Rights Law.)

43.   As a result of the Defendant's discriminatory conduct the Plaintiff suffered damages both financial,  physical and mental, and is entitled to recover front and back pay, compensation for emotional injury,  attorney's  fees, equitable relief, and punitive damages in the amount of $2,000,000.00 ( Two Million Dollars.)

### AS AND FOR A SIXTH CAUSE OF ACTION
### ( Cause of Action for Retaliation under NYS HRL)

44.    Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as though fully set forth herein.

45.    Plaintiff engaged in  protected activity, by complaining to  and filing a Charge with the EEOC and by making complaints to Defendant's corporate management  and his union regarding,  extra duties assigned to him,  failure to accommodate and change his shift.  He was thereafter subjected to  disciplinary actions.  He   was subjected to retaliation, affecting the terms and conditions of his employment, as a result of engaging in protected activity, all in violation of provisions of the NYS Human Rights Law .

46.   As a   direct result of the Defendants'  retaliatory acts toward the Plaintiff he suffered loss of  earnings, mental injury, the  possible future loss of

employment other employment benefits.  Plaintiff is entitled to recover   damages

for willful violation of statute,  back and front pay, attorneys fees in the amount of

$2,000,000.00 ( Two Million Dollars.)

### AS AND FOR A SEVENTH CAUSE OF ACTION
### (Failure to Accommodate under the NYSHRL)

47.    Plaintiff repeats and realleges each and every allegation contained in

the preceding paragraphs as though fully set forth herein.

48.    Plaintiff, a   qualified individual under the   NYSHRL requested an

accommodation by way of a change in his shift and reduction of additional duties

imposed on him  after he returned to work following surgery.

49.    Plaintiff was able to perform the  essential functions of his job both with

and without accommodation  as he has continued to do so.

50.    The proposed accommodation was accompanied by medical proof that

such documentation was reasonable and necessary for the plaintiff  to benefit from

medication he was taking to avoid rejection of the transplanted kidney.

51.    The proposed accommodation would not result in an undue hardship

for the defendant.  The Defendant failed to approve this accommodation and in

violation of the NYSHRL, failed to engage in any interactive process with   the

Plaintiff to permit accommodation

52.   As a result of the Defendant's unreasonable and justified failure to accommodate the plaintiff's disability he has suffered financial, physical and emotional damages in the amount of Two Million Dollars ( $2,000,000.00)

## AS AND FOR AN  EIGHTH CAUSE OF ACTION
### ( For a Hostile Work Environment under the NYSHRL)

53.   Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as though fully set forth herein.

54.   As a result of the Defendant's violation of the NYSHRL  and retaliation for Protected activity, plaintiff was subjected to hostile work environment  causing him mental  and emotional injury, effecting his ability to recuperate from transplant surgery and maintain level of health.

55.   As a result of the Defendant's creation and perpetuation of a hostile work environment in violation of the NYSHRL he has suffered financial, physical and emotional damages in the amount of Two Million Dollars ( $2,000,000.00)

## AS AND FOR A NINTH  CAUSE OF ACTION
### (Violation of NYC Human Rights Law)

56.   Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as though fully set forth herein.

57.   Defendant subjected the Plaintiff to discrimination on the basis of Disability  and retaliation for protected activity in violation of NYC  Human Rights

Law NYC Admin Code, Title 8-107, 109, et seq.. Defendant is an employer within the City of New York is subject to those provisions of the municipal code.

58.    Plaintiff meets the qualifications under that statute as a disabled worker.

59.    As a result of the Defendant's discriminatory conduct the Plaintiff suffered damages for which he seeks equitable relief and compensation under the NYC Admin. Code,    for the loss of earnings, loss of employment and other employment benefits, recovery for attorney's  fees,  recovery for physical and emotional injuries and punitive damages in the amount of $2,000,000.00 ( Two Million Dollars.)

### AS AND FOR A TENTH  CAUSE OF ACTION
### ( Cause of Action for Retaliation under NYC HRL)

60.    Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as though fully set forth herein.

61.    Plaintiff engaged in  protected activity, by complaining to  and filing a Charge with the EEOC and by making complaints to Defendant's corporate management  and his union regarding,  extra duties assigned to him,  failure to accommodate and change his shift.  He was thereafter subjected to  disciplinary actions.  He  was subjected to retaliation, affecting the terms and conditions of his employment, as a result of engaging in protected activity, all in violation of provisions of the NY C Human Rights Law .

62.    As a   direct result of the Defendants'   retaliatory acts toward the

Plaintiff he suffered loss of   earnings, mental injury, the   possible future loss of

employment other employment benefits.  Plaintiff is entitled to recover   damages

for willful violation of statute,  back and front pay, attorneys fees in the amount of

$2,000,000.00 ( Two Million Dollars.)

## AS AND FOR  AN ELEVENTH   CAUSE OF ACTION
### (Action for Hostile Work Environment)

63.    Plaintiff repeats and realleges each and every allegation contained in

the preceding paragraphs as though fully set forth herein.

64.    The Defendants' conduct as alleged above subjected the Plaintiff to

discriminatory treatment, caustic comments and unnecessary and unwarranted criticism

with the intent that he resign  and constituted a hostile work environment, in violation

of the NYC  Human Rights Law.

65.    That as a result of the defendant's conduct the plaintiff has suffered and

continues to suffer emotional injury, from the hostile and abusive work environment

created  by the Defendants.

66.    The Plaintiff seeks damages for emotional injury, loss of employment

and employee benefits,   front and back pay and attorney's fees arising from the

Defendant's hostile work environment in the amount   of $2,000,000.00    (Two

Million Dollars).

## AS AND FOR  AN TWELFTH   CAUSE OF ACTION

### (Failure to Accommodate under the NYCHRL)

67.    Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as though fully set forth herein.

68.    Plaintiff, a qualified individual under the NYCHRL requested an accommodation by way of a change in his shift and reduction of additional duties imposed on him after he returned to work following surgery.

69.    Plaintiff was able to perform the essential functions of his job both with and without accommodation as he has continued to do so.

70.    The proposed accommodation was accompanied by medical proof that such documentation was reasonable and necessary for the plaintiff to benefit from medication he was taking to avoid rejection of the transplanted kidney.

71.    The proposed accommodation would not result in an undue hardship for the defendant. The Defendant failed to approve this accommodation and in violation of the NYCHRL.

72.    As a result of the Defendant's unreasonable and justified failure to accommodate the plaintiff's disability he has suffered financial, physical and emotional damages in the amount of Two Million Dollars ( $2,000,000.00)

### DEMAND FOR TRIAL BY JURY

73.    Plaintiff demands trial by jury of all causes of action and claims made herein pursuant to FRCP Rule 38.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment:

a)      Declaring the Defendant violated the aforementioned statutes;

b)      Ordering the Defendant to Accommodate the Plaintiff by transferring his shift and making such other and reasonable accommodations as the Court shall deem warranted under the statutes and ordinances invoked herein.

c)      Awarding damages on the First through Twelfth Causes of Action for violation of the ADA, NYSHRL, NYCHRL and declaring the acts and practices of the defendants complained of herein to be in violation of said statutes and awarding the plaintiff appropriate compensatory relief, including, Back Pay and Front Pay future damages with prejudgment interest, damages for physical and emotional injury and liquidated damages for willful violation, in the amount of $2,000.000.00 ( Two Million Dollars).

d)      Awarding the Plaintiff reasonable attorney fees as provided in the statutes raised in the present complaint.

e)      Awarding Plaintiff the costs and disbursements of this action including expert fees and disbursements.

f)      Awarding the Plaintiff pre- and post judgment interest on all claims for Relief

Granting the Plaintiff such other and further relief as this Court deems

necessary and proper as determined at trial.

Dated: New York, New York
      March 13, 2018

                                       Respectfully submitted

                                       Law Offices of Joel M. Gluck
                                       Attorney for Plaintiff
                                       Reginald  Bennerson
                                       305 Broadway Suite 1427
                                       New York, N.Y 10007
                                       Tel (212) 323-7432
                                       Fax (718) 852-0185
                                       email: jmgluck 200@aol.com

 **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5ᵗʰ Floor
New York, NY 10004-2112
National Contact Center: (800) 669-4000
National Contact Center TTY: (800) 669-6820
New York Status Line: (866) 408-8075
New York Direct Dial: (212) 336-3630
TTY (212) 336-3622
FAX (212) 336-3625

Reginald Bennerson
945 Dana Avenue
Valley Stream, NY

Re:   **Reginald Bennerson v. Collins Building Services**
      **EEOC Charge No.  520-2018-00881**

Dear Mr. Bennerson:

This office is in receipt of your request for a *Notice of Right to Sue* on the above referenced charge.

The Commission has reviewed all of the circumstances of this case and we are issuing you the requested *Notice of Right to Sue.*

Sincerely,

On Behalf of the Commission:

_____
Kevin Berry
*District Director*
*New York District Office*

_____12/21/17_____
Date

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Reginald Bennerson<br>945 Dana Avenue<br>Valley Stream, NY 11580 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

☐ *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **520-2018-00881** | Maritza Rondon-Velazquez,<br>**Investigator** | **(212) 336-3678** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐   More than 180 days have passed since the filing of this charge.

☒   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒   The EEOC is terminating its processing of this charge.

☐   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐   The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*

Kevin J. Berry,
**District Director**

12/21/17

*(Date Mailed)*

Enclosures(s)

cc:

Director of Human Resources
**COLLINS BUILDING SERVICES**
24-01 44th Road
Long Island City, NY 11101

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASE NO.

REGINALD BENNERSON

**Plaintiff**

-against-

COLLINS BUILDING SERVICES INC.

**Defendants**

PLAINTIFFS' COMPLAINT

LAW OFFICES OF JOEL M. GLUCK
Attorneys for Plaintiff(s)
305 Broadway Suite 1427
New York, N.Y. 10007
Telephone: 212 323 7432
Fax No. 718-852-0185

Dated: New York, New York
March 13, 2018

Joel M. Gluck

PLEASE TAKE NOTICE:
[ ] NOTICE OF ENTRY
that the within is a *true copy of an*          duly entered in the office of the clerk of the within name court on          ,
200 .
[ ] NOTICE OF SETTLEMENT
that the order of which the within is a true copy will be presented for settlement to the HON.          one
of the judges of the within named Court, at          on at 9:30 a.m.

TO: